## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEAN MICHEL LOSIER, M.D.**,

**Plaintiff,**

**v.**

**ERIC K. SHINSEKI, Secretary of**
**Veterans Affairs, U.S. Department**
**of Veteran Affairs,**
**et al.,**

**Defendants.**                                                   **No. 10-0100-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is a letter from plaintiff which the Court construes as a motion for extension of time (Doc. 70).  Said motion is **GRANTED**.  The Court **ALLOWS** plaintiff up to and including February 25, 2013 to have counsel enter an appearance.   Further, the Court **CONTINUES** the Final Pretrial Conference to March 21, 2013 at 9:00 a.m.   Thus, the Court **DENIES** as premature the government's January 24, 2013 motion to dismiss for want of prosecution (Doc. 69).

Lastly, the Court **DIRECTS** plaintiff pay the $352.86 in sanctions ordered by Magistrate Judge Williams on April 4, 2012 for failure to cooperate with discovery on or before February 25, 2013 (Doc. 54).   The Court **ADVISES**

plaintiff that the failure to pay the sanctions on or before this date may result in the dismissal of his case with prejudice.    Specifically, the Court **ADVISES** plaintiff of the following. Under the rules of procedure, a court may impose sanctions against a party that fails to obey a discovery order under Rule 26(f), as well as against a party that fails to appear for a deposition after proper service of notice or fails to serve any response to properly served interrogatories or requests for inspection. Fed.R.Civ.P. 37(b)(2)(A), (d)(1)(A). In any such case, permissible sanction includes dismissal of the action in whole or in part. Fed.R.Civ.P. 37(b)(1)(A)(v), (d)(3). A "district court need not impose a lesser sanction prior to assessing the sanction of dismissal." *Halas v. Consumer Services, Inc.,* 16 F.3d 161, 165 (7th Cir.1994) (reviewing a dismissal with prejudice). Further, "[a]lthough civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Jones v. Phipps*, 39 F .3d 158, 163 (7th Cir.1994) (internal citation omitted). Though dismissal with prejudice is a "harsh sanction," it can be appropriate depending on the circumstances. *See Halas,* 16 F.3d at 165.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action on a defendant's motion when a plaintiff fails to prosecute or to comply with procedural rules or a court order. A Rule 41(b) dismissal generally operates as an adjudication on the merits. The standard for dismissal under Rule 41(b) requires

a clear record of delay, contumacious conduct, or prior failed sanctions. *Maynard v. Nygren,* 332 F.3d 462, 467–68 (7th Cir.2003); *see also Gabriel v. Hamlin,* 514 F.3d 734, 736–37 (7th Cir.2008) (stating that a "dismissal for failure to prosecute is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and that ordinarily a district court "may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.") (citations and quotation marks omitted).

**IT IS SO ORDERED.**

Signed this 25th day of January, 2013.

Digitally signed by David R. Herndon
Date: 2013.01.25 13:59:19 -06'00'

**Chief Judge**
**United States District Court**